The Honorable Tom Wynne Prosecuting Attorney 13th Judicial District P.O. Box 748 Fordyce, Arkansas 71742
Dear Mr. Wynne:
This is in response to Deputy Prosecuting Attorney Hamilton Singleton's request for an opinion concerning the retirement benefits of the municipal judge of the City of Hampton in Calhoun County, who was also previously the municipal judge of the City of Rison in Cleveland County.
Your letter indicates that the municipal judge in question served in Rison from the year 1977, when that court was created, until 1986, and in Hampton from 1979 when that court was created until the present. During his tenure in Rison, Cleveland County paid his entire salary and made contributions to "APERS" (the Arkansas Public Employees' Retirement System) on his behalf. The judge himself made some voluntary contributions to the system during this period. When the judge left office in Cleveland County on December 31, 1986, he was told by APERS that his benefits were vested. See A.C.A. § 24-4-508(a)(3). Additionally, Calhoun County has apparently made all employer contributions to APERS since 1979 on behalf of the judge, although the City of Hampton and Calhoun County apparently each contribute to the judge's salary.
Your question arises because APERS, on December 18, 1991, notified the municipal judge that he was not eligible for membership in APERS, and further that APERS was refunding employer contributions to Calhoun and Cleveland counties and voluntary employee contributions made by the judge. In response to this action, the City of Hampton, on May 11, 1992, created a local pension fund for the judge under the provisions of A.C.A. §24-8-301—315 (1987).
The first question you have presented involves the ownership of the refund checks issued by APERS. Calhoun County has refused to turn over the refund amount either to the judge or the newly created local fund. Both Cleveland County and the judge are holding the sums in issue awaiting resolution of this question. The second question presented is whether the judge has in fact lost what had been characterized as vested retirement benefits in APERS in connection with the service rendered in Cleveland County.
I regret that this situation involves too many unresolved issues of fact to be amenable to resolution in the context of an official Attorney General opinion. Although the issues presented involve both law and fact, the outcome of the questions will depend upon myriad factual issues including: 1) why APERS determined that the judge was ineligible for membership; 2) whether the judge was given an opportunity to make any elections as to his membership under A.C.A. § 24-4-739 or § 24-8-312; 3) whether the City of Hampton made an election to enroll the judge in APERS under A.C.A. § 24-8-315 (Adv. Code Serv. 1992-93); and the nature of any agreements between the cities and counties involved as to the payment of the judges salary and retirement benefits. This office is not empowered as a factfinder in these circumstances.
The issues presented should best be resolved with the advice and interaction of the city attorneys involved, the county attorneys involved, and the representatives of APERS and its appointed counsel. Failing a satisfactory resolution of the issues through this means, the parties may of course resort to the judicial process.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh